**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MARTIN OMAR RAMIREZ- BUSTAMANTE, a.k.a. Martin Omar Ramirez, a.k.a. Mario Rodriguez-Vasquez, <br><br> Defendant - Appellant. | Nos. 15-10148 <br> 15-10149 <br><br> D.C. Nos. 4:14-cr-01348-CKJ <br> 4:11-cr-03921-CKJ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted March 15, 2016**

Before:   GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

In these consolidated appeals, Martin Omar Ramirez-Bustamante appeals the

24-month sentence imposed following his guilty-plea conviction for reentry of a

removed alien, in violation of 8 U.S.C. § 1326, and the 21-month partially

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramirez-Bustamante contends that the district court erred by imposing the sentences to run partially consecutive, rather than fully concurrent. He argues that the aggregate 36-month sentence is substantively unreasonable in light of his age, military service, and reasons for reentering the United States. The district court did not abuse its discretion in imposing Ramirez-Bustamante's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The aggregate sentence is substantively reasonable in light of the relevant 18 U.S.C. §  3553(a) sentencing factors and the totality of the circumstances, including Ramirez-Bustamante's criminal and immigration history. *See Gall*, 552 U.S. at 51; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007); *see also* U.S.S.G. § 7B1.3(f) (recommending that a revocation sentence run consecutively to any other term of imprisonment).

**AFFIRMED.**